MEMORANDUM DECISION AND JUDGMENT ENTRY.[1]
[1] We have sua sponte removed this case from the accelerated calendar.
This case involves a teacher's claims that she was wrongfully denied retirement benefits from the public school at which she worked. We must decide if the school denied due process to the teacher by denying those benefits.
Plaintiff-appellant Marilyn Schroeder was a teacher for defendant-appellee Mt. Healthy City Schools (the School) and a member of the Mount Healthy Teachers' Association (Association), the exclusive bargaining unit for the teachers. On June 30, 1995, the School sent Schroeder a letter that stated that she was eligible to receive a retirement incentive: a one-time, lump-sum payment equal to 25 percent of the salary she would earn during the school year of her retirement. The letter specified that the incentive would only be given if a total of thirteen teachers tendered resignations. Also, the letter stressed that the teachers would only receive the incentive if they tendered their resignations by August 15, 1995: "It is extremely important to note that if the individual does not tender the resignation by August 15, 1995, they [sic] will never be eligible to receive this bonus. * * * [The bonus will] not be offered asecond time for those who forfeit their right this year."
(Emphasis in original.)
Later, a collective-bargaining agreement (CBA) between the School and the Association was ratified, to be effective from August 1995 through July 1998. The CBA eliminated both the requirement that teachers would have to tender their resignations by August 15, 1995, to receive the retirement incentive and the requirement that thirteen teachers would have to tender their resignations. Under the terms of the CBA, a teacher would be eligible for the incentive if he or she had twenty-five years of eligible service credit and if he or she was at least fifty-five years old. To receive the incentive, the CBA provided that a teacher would need to resign at the end of the school year that he or she first became eligible. The teacher would need to tender his or her resignation no later than April 1 of that school year. The CBA stressed, "Any employee who does not resign his/her employment in the school year he/she becomes eligible to retire, shall forfeit his/her right to this retirement incentive bonus * * *."
During the 1995-1996 school year, Schroeder became eligible to receive the retirement incentive under the CBA: she had over twenty-five years of service credit and she turned fifty-five years old. On March 21, 1997, Schroeder tendered her resignation.
When Schroeder tendered her resignation, she demanded that the School give her the retirement incentive described in the CBA. The School refused. The School stated that Schroeder could not receive it because she had not tendered her resignation by April 1 of the 1995-1996 school year, the year that she first became eligible.
Schroeder still believed that she was entitled to the incentive. The CBA provided a grievance process for alleged violations of the CBA. That process provided for final and binding arbitration of grievances. Schroeder, though, did not file a grievance. Instead, she filed a lawsuit against the school district in the Hamilton County Court of Common Pleas.
Schroeder claimed that she was unaware of the provision in the CBA that provided for the retirement incentive. According to her, she became interested in receiving the incentive when she received the June 30, 1995, letter that had described it. But she had not tendered her resignation by August 15, 1995, the deadline in the letter, because she feared that the condition of thirteen teachers resigning would not occur. She argued that the School never informed her that the CBA had eliminated the August 15, 1995, deadline, nor had it informed her that thirteen teachers no longer needed to retire for the incentive to be given. She asserted that, if she would have known about the new terms under the CBA, she would have complied with them. In her suit, she claimed that she was contractually entitled to receive the incentive and that, under Section 1983, Title 42, U.S. Code, the School had violated her procedural-due-process rights by allegedly concealing the CBA's terms from her.
The trial court granted summary judgment in favor of the School. Schroeder has appealed, asserting two assignments of error.
In her first assignment, Schroeder states that the court "erred in summarily dismissing [her suit] for lack of jurisdiction." Schroeder argues that the court had jurisdiction to hear her due-process claim under Section 1983. In certain instances, when a collective-bargaining agreement provides for final and binding arbitration of grievances, a court will not have jurisdiction to hear claims.[2] (Such was the case here for Schroeder's contractual claim that she was entitled to the retirement incentive; that claim needed to be resolved under the CBA's grievance procedure.) A court, though, will have jurisdiction if the grievance pertains to civil-rights laws, such as Section 1983.[3] Here, the court had jurisdiction to hear Schroeder's due-process claim. But, although Schroeder's argument of law is correct, we find no merit to her first assignment because the court did consider her due-process claim: the court specifically held that Schroeder was not denied due process. We thus turn to her second assignment, which involves the merits of her due-process claim.
In her second assignment, Schroeder argues that she was deprived of procedural due process when the school denied her demand for retirement benefits. She asserts that the court should not have granted summary judgment on her due-process claim. A summary-judgment motion shall be granted only if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact remains to be litigated.[4]
Applying that standard, we reject Schroeder's assignment and hold that the court properly granted summary judgment.
The Fourteenth Amendment provides that the government — which includes a public school — shall not take a person's life, liberty, or property without due process of law.[5] To prevail on a procedural-due-process claim, a plaintiff must establish that he or she was deprived of a legitimate life, liberty, or property interest, and that he or she was not given adequate procedural protections in connection with the deprivation.[6] In the case of property interests, the United States Supreme Court has explained, "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[7]
Property interests are created by "existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."[8]
Here, the CBA specifically provided that, to receive the retirement incentive, a teacher needed to resign by April 1 of the school year that he or she first became eligible to receive it. The Association that represented Schroeder — the teachers' exclusive agent — negotiated the CBA. Considering the specific terms of the CBA, we hold that Schroeder had no legitimate claim of entitlement to receive benefits after the deadline provided in the contract. Her property rights were not implicated in this respect.
The next question then becomes: were Schroeder' due-process rights violated by the fact that the School allegedly concealed the terms of the CBA from her? Again, we hold that Schroeder's rights were not violated. There is no law that required the School to inform Schroeder of the terms of the CBA. In fact, the assistant superintendent of the School testified that it was the responsibility of the Association to communicate with its members regarding the contract, and nothing in the record shows otherwise. Although there is evidence that the school did not inform Schroeder of the CBA's terms, there is no evidence that the School interfered in any way with the Association's right to inform Schroeder of the CBA's terms. Schroeder has not shown any legitimate claim of entitlement to notice from the school. Due process was not violated.
Therefore, the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
Hildebrandt, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 26, 1999 per order of the Court _______________________________.
Presiding Judge
[2] See R.C. 4117.10(A).
[3] See id.
[4] Civ.R. 56(C).
[5] See Section 1, Fourteenth Amendment to the United States Constitution.
[6] Ohio Assn. of Pub. School Emps., AFSCME, AFL-CIO v.Lakewood City School Dist. Bd. of Edn. (1994), 68 Ohio St.3d 175,176, 624 N.E.2d 1043, 1045.
[7] Bd. of Regents of State Colleges v. Roth (1972),408 U.S. 564, 577, 92 S.Ct. 2701, 2709.
[8] Id.